[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11719
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOVEMBER 3, 2011 |
| JOHN LEY |
| CLERK |

D.C. Docket No. 1:10-cv-00103-CB-C

VIVIAN DUDLEY,

Plaintiff-Appellant,

versus

CITY OF MONROEVILLE, ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 3, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Vivian Dudley, an African American female, filed a lawsuit against her

current employer, the City of Monroeville, alleging retaliation in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). After discovery, the City filed a motion for summary judgment, which the district court granted. Dudley then filed this appeal making three principal arguments: (1) that she established a prima facie case of retaliation; (2) that summary judgment was inappropriate because the record contains sufficient evidence to cast doubt on whether the City's non-retaliatory explanations for its actions are legitimate; and (3) that the district court did not draw all reasonable inferences in her favor because it accepted unsworn statements as evidence against her, yet refused to consider an unsworn statement as evidence against the City.

I.

After the City promoted Dudley from court magistrate to court clerk/magistrate, she learned that her salary did not increase to the same level as those of similarly situated employees. Believing the reason for this disparity was race discrimination, Dudley filed a complaint with the Equal Employment Opportunity Commission. She alleges that after she filed this EEOC charge her immediate supervisor, Judge Phillip Sanchez, retaliated by suspending her, reprimanding her, denying her a pay increase, ordering her to attend a training session, and encouraging citizens to file complaints against her. Dudley then filed

2

a second EEOC complaint alleging retaliation in violation of Title VII, which is the only claim she has asserted in this lawsuit.

In its motion for summary judgment, the City contended that Dudley could not show a causal connection between the first EEOC complaint and the adverse employment actions. It also proffered non-retaliatory reasons to justify Judge Sanchez's actions, claiming among other things that Dudley was insubordinate, was the subject of several citizen complaints, made personal long-distance phone calls while at work, and failed to use the City's time-keeping system properly.

The district court granted summary judgment to the City, concluding Dudley did not establish a prima facie case of retaliation. It also reasoned that, even if Dudley had satisfied her initial burden, she did not create a factual issue regarding whether the City's non-retaliatory justifications were pretextual.

II.

We review <u>de novo</u> the district court's grant of summary judgment, applying the same legal standard as the district court and viewing all evidence in the light most favorable to the nonmoving party. <u>Miccosukee Tribe of Indians of Fla. v. United States</u>, 516 F.3d 1235, 1243 (11th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). "A moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" Parks v. City of Warner Robins, 43 F.3d 609, 612 (11th Cir. 1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552 (1986)).

## III.

Title VII makes it unlawful to discriminate against employees on the basis of race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a). It also prohibits employers from retaliating against employees who oppose "unlawful employment practice[s]" or who make charges against an employer during "an investigation, proceeding, or hearing." Id. § 2000e-3(a).

We use the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), when a plaintiff relies on circumstantial evidence to establish a Title VII retaliation claim, as Dudley does here. See Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010). The plaintiff first bears the burden of establishing the three prongs of a prima facie case of retaliation. She must show that "(1) [s]he engaged in statutorily protected activity; (2) [s]he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." Howard v.

4

Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010).  Once a plaintiff establishes a prima facie case, the burden shifts to the employer to "proffer a legitimate, non-retaliatory reason for the adverse employment action."  Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998).  If the employer succeeds, the plaintiff must then show by a preponderance of the evidence that the proffered reason for the adverse action is "a pretext for prohibited, retaliatory conduct."  Id.; see also McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008).

For simplicity, we will assume that Dudley can establish a prima facie case of retaliation.  The City's burden, then, is to proffer a legitimate, non-retaliatory reason for its adverse actions.  It has provided several, including time-keeping errors, citizen complaints, insubordination, and poor job performance.  It also claims that Dudley took on an intern without permission and incurred unauthorized overtime.  To survive summary judgment, Dudley must present sufficient evidence to cast doubt on the validity of these non-retaliatory reasons in the mind of a reasonable juror.  See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).

Dudley has offered only conclusory allegations of pretext in her attempt to rebut the City's non-retaliatory justifications.  She has not challenged the City's claim that it received complaints about her work performance.  Nor does she deny

5

making time-keeping errors. In fact, Dudley concedes that some of the City's explanations are true, admitting that she took on an intern without permission and incurred unauthorized overtime.[1] To survive summary judgment, Dudley must create a genuine issue of material fact both as to whether the City's reasons are false and as to whether "discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993). She has done neither. Instead, Dudley admitted that some of the reasons are true and provided no specific evidence that would "allow a factfinder to disbelieve [the City's] proffered explanation for its actions." Combs v. Plantation Patterns, 106 F.3d 1519, 1532 (11th Cir. 1997); cf. Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) ("A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and

---

[1]Dudley attempts to rebut the City's non-retaliatory justifications by claiming that she consistently received positive evaluations from Judge Sanchez before her first EEOC filing but received a negative evaluation after the filing. She claims that this reversal establishes pretext. But Dudley neither submitted evidence of the performance evaluations nor raised this argument before the district court, so we will not consider it further. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) ("Arguments not raised in the district court are waived.").

the employee cannot succeed by simply quarreling with the wisdom of that reason.").

## IV.

Dudley's final argument is that the district court failed to draw all reasonable inferences in her favor because it did not consider the unsworn statement of a citizen who asserted that Judge Sanchez told her to put her complaint in writing when it ruled on the City's summary judgment motion. Unsworn statements do not meet the requirements of Rule 56, so the district court could not—and properly did not—rely on the content of the citizen's statement. Carr v. Tatangelo, 338 F.3d 1259, 1273 n.27 (11th Cir. 2003).

Nor did the district court violate this rule when it considered the City's other proffered evidence of citizen complaints against Dudley. The district court did not rely on the content of any unsworn citizen complaint; it considered only the existence of such grievances as evidence that Judge Sanchez had a non-retaliatory reason for his actions. That purpose is valid, and Dudley did not dispute the existence of citizen complaints.

**AFFIRMED.**